UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

───────────────────────────

SPECTRUM HEALTH,

    Plaintiff,

v.                                    Case No. 1:07-CV-1091

VALLEY TRUCK PARTS and THE          HON. GORDON J. QUIST
VALLEY TRUCK PARTS HEALTH
BENEFIT PLAN,

    Defendants.
_____/

## OPINION

    Presently before the Court is Plaintiff Spectrum Health's ("Spectrum") motion for attorney fees and costs, as well as statutory penalties, filed pursuant to this Court's October 3, 2008, Order. Spectrum sued Defendants, Valley Truck Parts ("Valley Truck") and the Valley Truck Parts Health Benefit Plan (the "Plan"), alleging a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461, to recover benefits from the Plan as reimbursement for medical treatment that Spectrum provided to Mark Clark, a Valley Truck employee and a participant in the Plan. In its two prior Opinions and accompanying Orders, issued on May 30, 2008, and September 8, 2008, respectively, the Court held that Spectrum did not fail to exhaust its administrative remedies and that Valley Truck's denial of Spectrum's claim for payment of the charges it incurred for treatment of Clark was arbitrary and capricious because Clark was not treated by a "physician" as defined by the Plan. Because the facts and procedural background are fully set forth in the two prior Opinions, the Court finds it unnecessary to repeat them here.

    A preliminary issue raised by Valley Truck in response to Spectrum's motion is whether Spectrum has standing to seek attorney fees under ERISA § 502(g)(1) or statutory penalties under

ERISA § 502(c)(1). Valley Truck contends that Spectrum lacks standing because it is neither a "participant" nor a "beneficiary" under the Plan as defined by ERISA. Valley Truck contends that although Clark assigned his right to pursue a claim for benefits to Spectrum, such assignment did not include Clark's right to pursue attorney fees and costs under ERISA (or statutory penalties). Valley Truck cites no authority for its argument, which is incorrect.

### *Spectrum's Status as a Beneficiary Under ERISA*

ERISA defines the term "beneficiary" as any "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Following the Supreme Court's analysis in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S. Ct. 948 (1989), of the term "participant," the Sixth Circuit has held that "a 'beneficiary' is not anyone who claims to be one . . . , [but] one who has a reasonable or colorable claim to benefits." *Crawford v. Roane*, 53 F.3d 750, 754 (6th Cir. 1995). Thus, in the Sixth Circuit, "one is a 'beneficiary' with ERISA standing if he has a reasonable or colorable claim to benefits under an ERISA plan." *Id.* at 755. Consistent with this rule, the Sixth Circuit has held that "[a] health care provider may assert an ERISA claim as a 'beneficiary' of an employee benefit plan if it has received a valid assignment of benefits." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) (citing *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988)); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997) (extending exhaustion requirement to health care provider seeking benefits from a plan as a beneficiary pursuant to an assignment from patients/participants). Moreover, a review of the case law shows that courts generally follow the rule that a health care provider who receives a valid assignment of rights under an ERISA plan has standing as a beneficiary to maintain a claim for benefits. *See City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.*, 156 F.3d 223, 227-28 (1st Cir. 1998) (holding that a

health care provider who receives an assignment from a beneficiary "acquires derivative standing and is able to sue as a beneficiary by standing in the shoes of his assignor") (internal quotations and citations omitted); *Saint Joseph's Hosp. of Marshfield, Inc. v. Carl Klemm, Inc.*, 459 F. Supp. 2d 824, 831 (W.D. Wisc. 2006) ("An assignee of benefits under an ERISA plan becomes a statutory beneficiary entitled to use 29 U.S.C. § 1132(a)(1)(B) to collect benefits due to him under the terms of his plan.").

Likewise, based the foregoing analysis, courts have recognized that health care providers, as assignees and beneficiaries under ERISA, have standing to seek both attorney fees and statutory penalties authorized by ERISA. *See Univ. of Chi. Hosps. v. Cent. States Southwest & Southwest Areas Health & Welfare Plan*, 981 F. Supp. 1110, 1116-117 (N.D. Ill. 1997) (considering but denying health care provider's request for attorney fees); *Protocare of Metro. N.Y., Inc. v. Mut. Ass'n Adm'rs*, 866 F. Supp. 757, 762 (S.D.N.Y. 1994) (considering but denying health care provider's claim for penalties under § 502(c)(1)). Therefore, in light of Spectrum's status as a beneficiary based upon the assignment it received from Clark, Spectrum has standing to seek an award of attorney fees and statutory penalties.

### *Spectrum's Request for Attorney Fees*

ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1) provides: "In any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Spectrum contends that the Court should exercise its discretion to grant it an award of fees and costs.

District courts within the Sixth Circuit are to consider five factors in assessing the propriety of an award of fees and costs under ERISA: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney fees; (3) the deterrent effect

of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 445 (6th Cir. 2006) (citing *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)). "No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006).

### 1. Valley Truck's Culpability or Bad Faith

Valley Truck contends that it acted reasonably in denying Spectrum's claim and merely sought to fulfill its obligation to administer the Plan according to its intent and terms. That is, it asserts, it sought to apply the Plan's exclusion for preexisting conditions because it determined that Clark had received treatment for a preexisting condition. Valley Truck further notes that the term "physician" is defined broadly under the Plan and includes not only physicians, but physical therapists, speech therapist, addictions counselors, and others not generally thought of as physicians and that in denying Spectrum's request it was simply applying the discretion granted it to carry out the intent of the Plan. Valley Truck says that, in light of the fact that Clark did receive medical treatment and medication for a heart condition prior to becoming a Valley Truck employee, its conduct was not culpable or in bad faith.

Several considerations point to Valley Truck's culpability or bad faith in this case. First, although the Court did not reach the issue, Valley Truck may be correct that the treatment Clark received for his heart condition prior to becoming a Valley Truck employee was for the same condition as the treatment at issue in this case. However, whether Clark had a preexisting condition depends upon the entirety of the applicable Plan language, including the Plan's own definition of

4

"Physician" which, as the Court has held, renders the preexisting condition limitation inapplicable. In one sense, Valley Truck is correct that the Plan's definition of "Physician" is expansive, in that it includes other health care providers not normally encompassed by the plain and ordinary meaning of the term. In fact, the definition is limiting, by excluding any provider not specifically mentioned and omitting any language of a more general nature that would encompass other health care providers, such physician's assistants. Moreover, Valley Truck's present reliance on the Plan's definition is somewhat suspect, given that during the administrative process Valley Truck never articulated its position on why Mr. Cox, the physician's assistant, qualified as a physician under the Plan. In fact, Valley Truck did not even rely on the definition in its arguments to the Court. Second, as more fully set forth in the May 30, 2008, Opinion, Valley Truck failed substantially to comply with ERISA's procedural requirements by, among other things, failing to provide proper notices and to make a timely benefit determination. Third, Valley Truck raised standing and exhaustion arguments which, in the Court's opinion, were questionable given Valley Truck's own procedural shortcomings. Finally, as Spectrum has pointed out, Valley Truck paid some of Dr. Mander's bills even after SecureOne, the claims administrator, inquired into whether Clark's treatment was for a preexisting condition. This fact tends to undermine Valley Truck's claim that it merely sought to apply the Plan according to its spirit and intent.

    **2.    Valley Truck's Ability to Satisfy an Award of Attorney Fees**

Spectrum has provided evidence that Valley Truck has the financial wherewithal to satisfy an award of attorney fees and costs, and Valley Truck concedes this point.

    **3.    The Deterrent Effect of Awarding Attorney Fees**

Valley Truck contends that an award of fees will have no deterrent effect on other plan administrators because it made a good faith determination that Clark suffered from a preexisting

5

heart condition and was not entitled to benefits under the Plan. However, the Court perceives that an award of fees and costs in this case would serve to deter Valley Truck and other plan administrators from ignoring the plain meaning of plan terms that preclude an outcome of denying benefits. Moreover, an award of fees and costs in this case would serve to remind plan administrators of the need to comply with ERISA's procedural requirements in order to reduce or limit litigation costs to participants and beneficiaries as well as ERISA plans.

### 4. The Common Benefit

This consideration has two separate aspects. First, did the party requesting fees seek to confer a benefit upon all plan participants? Second, did that party seek to resolve significant legal questions concerning ERISA? *Moon*, 461 F.3d at 645. Here, there is no evidence that Spectrum sought to confer a common benefit or to resolve significant legal questions under ERISA. Thus, as Spectrum concedes, this factor does not apply.

### 5. Relative Merit of the Parties' Positions

Spectrum contends that this factor weighs in favor of an award of fees because Valley Truck never contested the reasonableness or necessity of the care Spectrum provided Clark, nor did it dispute the amount. Spectrum contends that Valley Truck's sole basis for denying the claim, however, was unreasonable in light of the explicit Plan language precluding the application of the preexisting condition limitation. Valley Truck disagrees, asserting that Clark did have treatment for a preexisting condition and that, but for an unintended omission in the definition of "physician" it would have prevailed.

As the Court noted above, Valley Truck's position might have had merit but for the Plan's definition of term "Physician." Given that definition, however, Valley Truck's position was unreasonable; Valley Truck was not entitled to ignore the Plan's plain language, even if it were the

result of an unintended drafting error. Accordingly, Valley Truck's position had relatively little merit as compared to Spectrum's.

Based upon its consideration and weighing of the above applicable factors, the Court concludes that an award of attorney fees and costs is appropriate in this case. Factors of particular importance here are Valley Truck's culpability and lack of a meritorious position. Although not alone entitled to significant weight, the Court also considers Valley Truck's substantial procedural violations as weighing in favor of an award.

Spectrum has submitted an affidavit and billing materials in support of its request for an award of fees and costs in the amount of $29,414.19. Valley Truck has not responded specifically to the amount of Spectrum's request, although it requests an opportunity to submit an additional brief addressing the reasonableness of the billing rate and certain hours incurred. The Court will handle this request by requiring the parties to first confer and attempt their own resolution prior to seeking the Court's assistance. If they are unable to agree on an appropriate amount, additional briefing will be permitted.

### *Statutory Penalties Under ERISA § 502(c)(1)*

Spectrum requests an award of statutory penalties based upon Valley Truck's failure to comply with Spectrum's request to furnish a copy of the Plan document and the Summary Plan Description. ERISA § 502(c)(1) provides, in relevant part:

> (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. . . .

29 U.S.C. § 1132(c)(1). Pursuant to ERISA § 104(b)(4), a plan administrator shall, "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description . . . and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Section 502(c)(1) permits a court to impose a penalty of up to $110 per day for an administrator's failure to comply with a request for such documents. 29 U.S.C. § 1132(c)(1) (the fine was raised to $110 per day for violations after July 29, 1997, *see* 62 Fed. Reg. 40,696).

Valley Truck asserts that the Court should deny Spectrum's request because Spectrum is not a beneficiary under ERISA. But, as explained above, this argument fails. Nonetheless, the Court concludes that statutory penalties are not warranted in this case. "Although the statute authorizes penalties, it does not require them." *Knickerbocker v. Ovako-Ajax, Inc.*, No. 98-1319, 1999 WL 551409, at *4 (6th Cir. July 20, 1999). Although not specifically required by the statute, courts generally consider whether the plaintiff was prejudiced by the administrator's failure to provide the requested documents. *See id.*; *Hamilton v. Publicis Groupe Short Term Disability Plan*, No. 04-74993, 2006 WL 2771742, at *13 (E.D. Mich. Sept. 25, 2006). In *Bartling v. Fruehauf Corp.*, 29 F.3d 1062 (6th Cir. 1994), the Sixth Circuit said that prejudice in the context of § 502(c)(1) is concerned with "whether Plaintiffs are in a worse position because of Defendants' delays than they would have been if the required documents had been timely disclosed." *Id.* at 1067. Moreover, "[t]he focus of inquiry into an injury, if there be any, is upon the delay in receiving the information, not upon the denial of benefits." *Hinkel v. Navistar, Int'l Corp.*, No. 90-3992, 1992 WL 5435, at *4 (6th Cir. Jan. 15, 1992).

In the instant case Spectrum does not explain how it was prejudiced by Valley Truck's failure to timely furnish the Plan document and the summary plan description. Morever, even had

Valley Truck provided the requested documents in a timely manner, there is no indication that Valley Truck would have taken any different position with regard to Spectrum's claim. Accordingly, this request will be denied.

### *Conclusion*

For the foregoing reasons, the Court will grant Spectrum's motion with regard to its request for attorney fees and costs under ERISA § 502(g) but deny the motion with regard to statutory penalties under ERISA § 502(c)(1).

An Order consistent with this Opinion will be entered.


Dated: December 17, 2008            /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE